**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CENTER FOR FOOD SAFETY,<br>303 Sacramento St,<br>San Francisco, CA 94111,<br><br>   *Plaintiff,*<br><br><br>   v.<br><br><br>ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue, N.W.,<br>2310A<br>Washington, DC 20460,<br><br><br>   *Defendant.* | Case No.<br><br><br>**COMPLAINT FOR DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>Freedom of Information Act,<br>5 U.S.C. § 552 |

## INTRODUCTION

1.    The Center for Food Safety ("CFS") brings this civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, challenging the U.S. Environmental Protection Agency ("EPA")'s unlawful withholding of records relating to the disposal of crop seeds treated or coated with the neonicotinoid chemicals acetamiprid, clothianidin, imidacloprid, and thiamethoxam.

2.    Nearly three years ago, on June 8, 2023, CFS filed a FOIA request with EPA (the "2023 Request") to gain a better understanding of EPA's regulation of neonicotinoid-coated seeds and their disposal. Since its inception in 1997, CFS has closely monitored EPA's decision-making process regarding its regulation of toxic pesticides, including neonicotinoid insecticides under the Federal Insecticide,

1

Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. § 136, *et seq*. Pursuant to 7 U.S.C. § 136q, EPA is responsible for regulating the disposal of pesticides. As part of its oversight and advocacy strategy, CFS submitted the 2023 Request to gain insight into EPA's regulation of the disposal of these particular insecticides and any issues they pose when used as feedstocks for ethanol production or other waste streams. EPA has yet to release all records in response to this request.

3.      EPA has violated and continues to violate FOIA by (1) failing to provide an initial determination as to the scope of the records to be produced or withheld, (2) failing to conduct an adequate search for responsive records, (3) failing to produce records in response to CFS's FOIA request, (4) failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records, and (5) failing to provide an estimated date by which the agency's search will be complete.

4.      EPA's unlawful withholding of public records undermines FOIA's basic purpose of government transparency. Because prompt access to these records is necessary to effectuate FOIA's purpose, CFS seeks declaratory relief establishing that EPA is in violation of FOIA and injunctive relief directing EPA to provide responsive records without any further delay.

## JURISDICTION AND VENUE

5.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

9.      Plaintiff CFS is a national 501(c)(3) nonprofit public interest and environmental advocacy organization that empowers people, supports farmers, and protects the environment from the harms of industrial food production. CFS is a membership-based, public interest non-profit organization with over one million members across the country. CFS's mission is to address the adverse impacts of industrial agriculture on public health, animal welfare, and the environment. Through two decades of involvement in public interest and environmental litigation and policymaking, CFS has demonstrated its ability to take technical information provided by government agencies and distill it into a format that is accessible to the public. CFS employs science and policy experts who have analyzed FOIA, other federal environmental laws, and other environmental and scientific reports for their entire careers. CFS puts out reports on a range of food and agricultural topics, including pesticides, genetically engineered organisms, food and feed additives, and other topics that tend to be difficult for the layperson to understand without professional assistance.

3

10.     Since its inception in 1997, CFS has been engaged in efforts to educate our members and the public about the ongoing harms of pesticides on listed species, pollinators, public health, and the environment. One of CFS's flagship programs is on the adverse environmental, agronomic, and socioeconomic impacts of pesticides. CFS has been engaged in ongoing efforts to educate our members and the public about the ongoing harms to public health and the environment from the use of neonicotinoid chemicals on agricultural crops. CFS has authored numerous reports on neonicotinoids, and since 2015, CFS has been involved in litigation to determine whether EPA's exemption of neonicotinoid-treated seeds from normal FIFRA pesticide registration is lawful. Plaintiffs-Appellants' Opening Brief, *CFS v. EPA,* No. 25-437, DE 13.1 at 16 (9th Cir. July 09, 2025). CFS is currently in a case before the Ninth Circuit to address this question. *See id.*

11.     As such, CFS and its members are harmed by EPA's FOIA violations here, as these violations preclude CFS from gaining a full understanding of the decision-making process regarding the underlying agency actions in question, and prevent CFS from disseminating information to the public concerning EPA's regulation of the disposal of seeds coated in the insecticides acetamiprid, clothianidin, imidacloprid, or thiamethoxam.

12.     Defendant EPA is an agency within the United States Government. EPA is in possession and control of the records that CFS seeks and is an agency within the meaning of 5 U.S.C. § 552(f)(1). EPA is therefore subject to FOIA.

4

## LEGAL BACKGROUND

13.     The basic purpose of FOIA is to promote government transparency and public oversight of agency action. The statute effectuates this objective by establishing the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)–(9).

14.     FOIA imposes stringent deadlines on federal agencies with regard to making initial determinations in response to FOIA requests. Within twenty working days of receiving a FOIA request, an agency must determine whether it will release the requested records and must notify the requester of its determination, the reasons for its decision, and the requester's right to appeal an adverse decision to the head of the agency. 5 U.S.C. § 552(a)(6)(A).

15.     Congress has specified certain limited instances in which federal agencies may extend this twenty-working-day deadline. First, an agency may toll the deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. 5 U.S.C. § 552(a)(6)(A)(ii). Second, in "unusual circumstances" an agency may extend the deadline no more than ten additional working days by providing written notice to the requester that sets forth the circumstances justifying the extension. 5 U.S.C. § 552(a)(6)(B)(i).

16.     FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A) "must be more than just an initial statement that the agency will generally comply

5

with a FOIA request and will produce non-exempt documents and claim exemptions in the future." *Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n (CREW)*, 711 F.3d 180, 188 (D.C. Cir. 2013).

17.    For a determination to trigger the administrative exhaustion requirement, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Id.*

18.    If the agency fails to respond within the applicable time limit, the requester "shall be deemed to have exhausted his administrative remedies." 5 U.S.C. § 552(a)(6)(C)(i).

19.    Such constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990).

20.    The court "then has the authority to oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, 266 F.3d 241, 244 (D.D.C. 2017) (citing *CREW*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

6

21.    FOIA requires each agency to search for records in a manner that is reasonably calculated to locate all records that are responsive to the FOIA request. 5 U.S.C. § 552(a)(3)(C)–(D).

22.    With regard to production of responsive records, "FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)).

23.    In certain limited instances, an agency may withhold records or portions of records pursuant to nine specific exemptions. 5 U.S.C. § 552(b). These exemptions must be "construed narrowly in keeping with FOIA's presumption in favor of disclosure." *Pub. Citizen, Inc. v. Office of Mgmt. & Budget*, 598 F.3d 865, 869 (D.C. Cir. 2010).

24.    FOIA requires agencies to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to FOIA request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

25.    FOIA places the burden on the agency to prove that it may withhold responsive records or portions of records from a requester. 5 U.S.C. § 552(a)(4)(B). FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* FOIA further requires that the agency provide "information

7

about the status of a request . . . including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

## STATEMENT OF FACTS

26. CFS, through its pesticide program, works to protect public health and the environment. As described above, CFS has a long history of championing greater oversight concerning the environmental, health, and agronomic impacts of toxic pesticides.

27. On June 8, 2023, Mx. van Saun submitted a FOIA request to EPA via FOIAOnline, seeking:

> [s]ince Jan. 1, 2017, all records relating to the disposal of crop seeds treated or coated with any of the following chemicals: acetamiprid, clothianidin, imidacloprid, or thiamethoxam (hereinafter, "neonicotinoids"), including but not limited to the subtopics specifically described below:
>
> 1. Any and all communications to EPA from the public or other governmental entities regarding ethanol facilities that use neonicotinoid-coated seeds as a feedstock and any responses from EPA;
>
> 2. Any and all documents or communications between EPA and any state or local government entities, or the Association of American Pesticide Control Officials and their sub entities, regarding the disposal of neonicotinoid-coated seeds.

Mx. van Saun explained that release of the requested records was in the public's best interest because disclosure would significantly contribute to public understanding of the operations or activities of government, and because obtaining the information was of no commercial interest to CFS.

28.    On June 9, 2023, EPA sent Mx. van Saun an email from foia_hq@epa.gov, acknowledging receipt of the 2023 Request and assigning the request a tracking number (EPA-2023-004707).

29.    On June 14, 2023, EPA granted the fee waiver.

30.    On August 23, 2023, Mx. van Saun responded and asked for an estimated date of completion and an initial determination. Mx. van Saun reminded EPA that the initial determination deadline was July 11, 2023.

31.    Ms. Richardson from EPA responded the same day and provided an initial response letter. The letter acknowledged that the 20-day deadline to complete review had been exceeded and stated that EPA would provide a Pre-Case Assessment within the next 3-4 weeks. EPA attached records that had already been released in response to a 2021 request by a *Lincoln Journal Star* reporter. However, EPA acknowledged that the search was not complete.

32.    Over a year later, on September 19, 2024, Mx. van Saun asked again for an estimated date of competition for any documents not already produced in response to the 2021 FOIA by the *Lincoln Journal Star* reporter.

33.    On September 20, 2024, Ms. Richardson responded, stating that she had been out of the office, needed to consult with her team, and would provide an update early the next week.

34.    On December 18, 2024, Mx. van Saun asked for an update saying they never received an update in September.

9

35.    On December 31, 2024, Ms. Richardson responded, saying that the review team had concluded that the 2023 Request was voluminous and would take a considerable amount of time to complete. Ms. Richardson asked if CFS would consider receiving the records responsive to the related request 2021-OCSPP-05731 or a combination of records instead.

36.    On February 10, 2025, Mx. van Saun asked for the date range of the 2021-OCSPP-05731 records as the request appeared to be from 2021 and they wanted more recent records. Mx. van Saun also stated that the 2023 Request was more limited than the 2021 request.

37.    On February 13, 2025, Ms. Richardson clarified that the date range for the 2021 request was from January 1, 2017 to April 26, 2021 and stated that those records could include records responsive to the 2023 Request.

38.    The same day, Mx. van Saun asked to limit the date range of the 2023 Request to March 27, 2021 to present. Ms. Richardson replied the same day and said that EPA would limit the date range.

39.    On January 29, 2026, Ms. Richardson sent an interest letter stating:

[g]iven the passage of time since the submission of your FOIA request, we would like to know if you are still interested in proceeding with this FOIA request. Please notify us if you are still interested in proceeding with this FOIA request within thirty working days from the date of this letter, no later than 3/13/2026. If you are still interested, we would like to provide you with the opportunity to discuss and modify the request and discuss an updated estimated date of completion.

40.    Mx. van Saun responded the same day stating that they were still interested and expected the request to run through the time of production. They

10

further clarified that they did not need any documents already produced in litigation.

41.    Ms. Richardson sent an automatic email saying she was out of the office and would return on February 2, 2026. She has not responded since then.

42.    Nearly three years have passed since EPA initially acknowledged CFS's 2023 Request, yet EPA has not provided an initial determination, supplied an estimated date of completion, or produced all of the responsive records.

43.    As of the date of this complaint, CFS has received no further communications from EPA.

44.    None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to the 2023 Request.

45.    CFS has been required to expend resources to prosecute this action.

## FIRST CAUSE OF ACTION

### Violation of the Freedom of Information Act, 5 U.S.C. § 552

### Failure to Comply with FOIA's Mandatory Determination Deadline

46.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

47.    EPA violated FOIA by failing to make a determination on CFS's FOIA request. 5 U.S.C. § 552(a)(6).

48.    CFS has a statutory right to receive a determination within the congressionally-mandated deadline of twenty working days. *Id.*

49. To date—over 2 years and 10 and a half months since CFS filed the 2023 Request—EPA has not provided a determination, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within twenty working days detailing the scope of the records the agency intends to produce and withhold, the reasons for making that determination, and an explanation of the process by which a requester can administratively appeal that determination.

50. EPA's failure to make an initial determination regarding the 2023 Request, thus unlawfully delaying its response beyond the deadline that FOIA mandates, has prejudiced CFS's ability to timely obtain public records. 5 U.S.C. § 552(a)(6)(A)(i).

51. As such, CFS has exhausted the applicable administrative remedies with respect to the 2023 Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

52. Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

53. CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

54. Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

**SECOND CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Conduct an Adequate Search for Responsive Records

55.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

56.    EPA violated FOIA by failing to conduct an adequate search for responsive records pursuant to 5 U.S.C. § 552(a)(3)(C)–(D).

57.    CFS has a statutory right to have EPA process its FOIA Request in a manner that complies with FOIA. *Id.*

58.    EPA violated CFS's right when it unlawfully failed to undertake a search that is reasonably calculated to locate all records that are responsive to the 2023 Request, thus prejudicing CFS's ability to timely obtain public records.

59.    CFS has exhausted the applicable administrative remedies with respect to the 2023 Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

60.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

61.    CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

62.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

**THIRD CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Promptly Disclose All Responsive Records

63.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

64.    EPA violated FOIA by failing to promptly disclose records that are responsive to CFS's FOIA Request. 5 U.S.C. § 552(a)(3)(A), (6)(C).

65.    CFS has a statutory right to the records it seeks, and there are no applicable exemptions under FOIA that provide a legal basis for EPA to withhold these records from CFS. *See* 5 U.S.C. § 552(b)(1)–(9).

66.    To date, EPA has not provided all records requested by CFS in the Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5 U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

67.    As such, EPA is wrongfully withholding disclosure of information sought by CFS, information to which it is entitled and for which no valid disclosure exemption has been claimed. EPA's unlawful withholding prejudices CFS's ability to timely obtain public records.

68.    CFS has exhausted the applicable administrative remedies with respect to the 2023 Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

69.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

70.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

71.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

**FOURTH CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

72.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

73.     EPA violated FOIA by failing to take reasonable steps to segregate and release nonexempt portions of lawfully exempt records in response to the 2023 Request. 5 U.S.C. § 552(a)(8)(A)(ii)(II).

74.     CFS has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. *Id.*

75.     To date, EPA has failed to disclose all records to CFS, including nonexempt information that could be reasonably segregated and released in

response to the 2023 Request, thus prejudicing CFS's ability to obtain public records in a timely manner.

76.    CFS has exhausted the applicable administrative remedies with respect to the 2023 Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

77.    Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

78.    CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

79.    Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## **FIFTH CAUSE OF ACTION**

Violation of the Freedom of Information Act, 5 U.S.C. § 552

Failure to Provide an Estimated Date of Completion

80.    The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

81.    EPA violated FOIA by failing to provide CFS with an estimated date of completion as required by 5 U.S.C. § 552(a)(7)(A)–(B).

82.    CFS has a statutory right to have EPA process its FOIA Request in a manner which complies with FOIA. EPA has violated Plaintiff's rights in this

16

regard by its failure to provide an estimated completion date for its response to the 2023 Request as required by FOIA. 5 U.S.C. § 552(a)(7)(A)–(B).

83.     EPA's failure to inform CFS of an estimated completion date for the 2023 Request has prejudiced CFS's ability to timely obtain public records.

84.     CFS has exhausted the applicable administrative remedies with respect to the 2023 Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

85.     Due to the nature of CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to EPA in the foreseeable future.

86.     CFS's organizational activities will be adversely affected if EPA continues to violate FOIA by failing to disclose responsive records as it has in this case.

87.     Unless enjoined and made subject to a declaration of CFS's legal rights by this Court, EPA will continue to violate CFS's rights to receive public records under FOIA.

## **REQUESTS FOR RELIEF**

CFS respectfully requests that this Court grant the following relief:

1.     Order EPA to provide a lawful initial determination on CFS's FOIA Request as required by FOIA by a date certain.

2.     Order EPA to conduct searches that are reasonably calculated to locate all records responsive to CFS's FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to CFS, by a date certain,

17

with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

3. Declare that EPA unlawfully failed to make and communicate an initial determination on Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

4. Declare that EPA unlawfully failed to undertake a search and disclosure of all records responsive to Plaintiff's FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5. Declare EPA unlawfully failed to provide CFS with reasonably segregable portions of records which may be lawfully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(8)(A)(ii)(II).

6. Declare that EPA unlawfully failed to provide CFS with an estimated date of completion as to the search and production of CFS's FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7. Provide for expeditious proceedings in this action.

8. Award CFS its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9. Grant such other relief as the Court may deem appropriate.

Dated this 4th day of May 2026.

Respectfully submitted,

*/s/ Amy van Saun*
AMY VAN SAUN (DCD OR0020)
SUZANNAH L. SMITH (*pro hac vice application forthcoming*)
Center for Food Safety
2009 NE Alberta Street, Suite 207
Portland, Oregon 97211
(971) 271-7372
avansaun@centerforfoodsafety.org
ssmith@centerforfoodsafety.org

*Counsel for Plaintiff*
CENTER FOR FOOD SAFETY